SAMUEL S. GODLEY v. J. W. HALEY.

REFUSAL OF PARTY TO AGREEMENT TO BUY LAND TO PERFORM WILL NOT RELEASE
OTHER PARTY FROM PAYMENT OF AGENT'S COMMISSION, WHEN.

The refusal of a party to perform his agreement for the purchase of
realty on the ground that the title thereto is defective will not, in the
absence of mistake or fraud, release the owner from the payment of a
commission to the agent effecting the agreement, where such owner has
agreed to accept the terms offered and pay such commission.

ERROR to Hamilton common pleas court.

**Mortimer Mathews,** for plaintiff in error.

**Prescott Smith,** for defendant in error.

## PER CURIAM.

The verbal contract entered into by the plaintiff in error, the
owner of the land, and the defendant in error, doing business as J. W.
Haley & Co., the broker, was afterwards modified and qualified by a
written agreement expressed in a proposal to purchase and an accept-
ance of the same as follows:

"Cincinnati, O., Oct. 15, 1900.

"I, the undersigned, hereby agree to buy through J. W. Haley
& Co., Mr. S. S. Godley's home on Carroll street, for the sum of ($2,300)
twenty-three hundred dollars cash, title to be free and unincumbered.

"(Signed)                                             GEO. D. HADLEY."

"October, 16, 1900.

"I the undersigned, hereby agree to accept the above offer and pay
J. W. Haley & Co. 2 per cent commission, $46, for services rendered.

"(Signed)                                             S. S. GODLEY."

By this agreement, the plaintiff in error agrees to pay out not for
services thereafter to be rendered, but for services already rendered
which are expressed in the proposal. In the absence of fraud or mis-
take, neither of which are alleged, it must be assumed that the plaintiff
in error was satisfied that the purchaser produced was ready and will-
ing to complete the purchase, and that he released the broker from any
responsibility for a failure on the part of Hadley to carry out the con-
tract.

Godley v. Haley.

The evidence shows that Godley was informed that Hadley wished the conveyance to be made to his wife, and whether the purchase money was paid by Hadley or his wife or both seems to us immaterial if Hadley had caused it to be paid.

The failure to carry out the agreement resulted not from a want of ability on the part of the purchaser to pay the price agreed upon but because the title to the land was questioned.

Judgment affirmed.